UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MICHAEL KAUMBLULU,<br>　　　　Petitioner,<br>　　v.<br>JOSIE GASTELO,<br>　　　　Respondent. | Case No. 17-cv-05599-WHO (PR)<br><br>**ORDER TO SHOW CAUSE**<br><br>Dkt. No. 2 |

## INTRODUCTION

Petitioner John Michael Kaumblulu seeks federal habeas relief from his state criminal convictions. The petition for such relief has been reviewed under 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases and has been found to state cognizable claims. Accordingly, on or before **March 19, 2018**, respondent shall file an answer or dispositive motion in response to the habeas petition.

## BACKGROUND

In 2014, a Contra Costa Superior Court jury convicted Kaumblulu of second degree robbery, possession of a firearm by a person previously convicted of a violent felony, being a felon in possession of a firearm, and second degree residential burglary. The trial court found true various sentencing enhancement allegations. Based on the guilty verdicts and sentencing enhancement findings, Kaumblulu received a sentence of 23 years and 4

months in state prison. *People v. Kaumblulu*, No. A142920, 2016 WL 3645048 at *1-2 (Cal. Ct. App. Jun. 30, 2016).

Kaumblulu's attempts to overturn the decision in state court were unsuccessful. This federal habeas petition followed.

**DISCUSSION**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, Kaumblulu alleges (1) his right to a fair and impartial jury was violated;[1] (2) the trial court violated his constitutional rights when it denied his *Romero* motion;[2] and (3) the restitution fines were excessive.

When liberally construed, Claim 1 is cognizable and will proceed. The other claims will not. *Romero* is entirely a state law creation. It establishes no protected federal rights. Therefore, a *Romero* claim cannot be heard on federal habeas review. *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (federal writ not available for violations of state law, even if state law were erroneously interpreted or applied); *see also Little v. Crawford*, 449 F.3d 1075, 1082 (9th Cir. 2006). Furthermore, this Court is bound by the state court's

---

[1] This claim includes allegations of juror misconduct, the improper removal of a juror, and that a violation of his right to a unanimous verdict occurred.

[2] *People v. Superior Court (Romero)*, 13 Cal. 4th 497 (Cal. 1996). Under *Romero*, a criminal defendant can ask the sentencing court to "strike," or disregard, a prior conviction.

2

rejection of the *Romero* claim.[3] *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus). Claim 2 is DISMISSED.

Claim 3 cannot proceed because a fine does not render petitioner "in custody." Habeas corpus is the appropriate remedy for a state prisoner, who must be "in custody" at the time the petition is filed, 28 U.S.C. §§ 2241(c), 2254(a), who challenges "the fact or duration of his confinement and seeks immediate or speedier release." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). A monetary fine is not a sufficiently significant restraint on liberty to satisfy the custody requirement. *See Dremann v. Francis*, 828 F.2d 6, 7 (9th Cir. 1987). Nor does the fact that petitioner also challenges his custody suffice to confer jurisdiction on this Court to review his restitution claim by way of a federal habeas petition. *See United States v. Thiele*, 314 F.3d 399, 401-402 (9th Cir. 2002). Accordingly, Claim 3 is DISMISSED.

**CONCLUSION**

1. The Clerk shall serve a copy of this order, the petition and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. On or before **March 19, 2018**, respondent shall file with the Court and serve on petitioner, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within thirty (30) days of the date the

---

[3] *Kaumblulu*, 2016 WL 3645048, at *5.

3

answer is filed.

4. In lieu of an answer, respondent may file, on or before **March 19, 2018**, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within thirty (30) days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within fifteen (15) days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

8. Petitioner's application to proceed *in forma pauperis* (Dkt. No. 2) is GRANTED.

9. The Clerk shall terminate Dkt. No. 2.

**IT IS SO ORDERED.**

**Dated:** January 4, 2018

WILLIAM H. ORRICK
United States District Judge